UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMENDOU OULD SLAHI )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES DEPARTMENT OF )<br>DEFENSE,  )<br>)<br>Defendant.  )<br>) | No.  08-CV-01082 (JR) |

## ANSWER

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq. as amended, for the disclosure of agency records defendant U.S. Department of Defense has improperly withheld from plaintiff Mohamedou Quld Slahi.

   **Answer:**   This paragraph contains plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, defendant admits that this is an action brought pursuant to the Freedom of Information Act ("FOIA").

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1331.

   **Answer:**   The paragraph contains allegations regarding the Court's jurisdiction over this lawsuit to which no answer is required.

3.  Venue is proper under 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391.

   **Answer:**   The paragraph contains allegations regarding the Court's jurisdiction over this lawsuit and venue to which no answer is required.

4.  Plaintiff Mohamedou Ould Slahi is a thirty-eight year old citizen of Mauritania who is imprisoned at Guantanamo Bay Naval Station.  He was arrested in Mauritania on November 20, 2001, and was rendered to Jordan on November 28, 2001. On July 19, 2002, he was rendered to Bagram Air Force Base in Afghanistan.  On approximately August 4, 2002, he was rendered to

Guantanamo Bay, where he remains imprisoned.

    **Answer:** Defendant admits that plaintiff is a thirty-seven year old Mauritania citizen currently detained at the Guantanamo Bay Naval Base in Cuba. Defendant can neither admit nor deny the remaining allegations in this paragraph because to do so would require the disclosure of classified information or could tend to reveal classified information.

5. Department of Defense (DoD) is an agency within the meaning of 5 U.S.C. § 552(e). DoD has held Mr. Slahi in its exclusive custody since at least July 19, 2002, when he arrived at Bagram Air Force Base.

    **Answer:** Defendant admits that it is an agency under FOIA, and that plaintiff is currently in DoD's custody. Defendant can neither admit nor deny the remaining allegations in this paragraph because to do so would require the disclosure of classified information or could tend to reveal classified information.

6. In March 2005 counsel undertook to represent Mr. Slahi by filing a petition for a writ of habeas corpus in this Court (No. 05-cv-0569-JR). Since that date, he has been continuously represented by lawyers Nancy Hollander, Theresa M. Duncan, and Sylvia Royce. Counsel have visited and corresponded with Mr. Slahi pursuant to a series of protective orders designed to assure the proper handling of classified information.

    **Answer:** Defendant admits that plaintiff filed a petition for a writ of *habeas corpus* in March 2005 and the three referenced counsel have visited him at Guantanamo. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7. DoD staffs a Privilege Review Team (PRT, or Privilege Team) pursuant to the protective orders which have been entered in the Guantanamo Bay cases. Under the protective order which governs Mr. Slahi's case in the Court of Appeals pursuant to the Detainee Treatment Act (C.A. No. 07-1185), the Privilege Review Team is responsible for

> representing and protecting the interests of the United States Government related to security and threat information. The DoD Privilege Team is authorized to review all communications specified in this order, including written communications and other materials sent from Petitioner's Counsel to the Detainee. The DoD Privilege Team may not disclose a communication from Petitioner's Counsel to the Detainee other than

  information provided in a filing with the court and served on Government counsel, unless the disclosure of such information is authorized by this or another order of the court or by Petitioner's Counsel.

*Bismullah v. Gates,* 501 F.3d 178 (D.C. Cir. 2007).

  The protective order which governs the habeas corpus cases describes the duties of the Privilege Review Team in more detail. PRT duties include the handling of attorney-client mail and the classification determination of detainee communications and attorney interview notes. *In re Guantanamo Detainee Cases,* 344 F. Supp. 2d 174, 183-191 (D.D.C. 2004).

  **Answer:**  This paragraph constitutes plaintiff's characterization of the function of the Privilege Review Team, to which no response is required.

8. In a letter dated May 7, 2008, Mr. Slahi submitted a FOlA request to DoD for disclosure of Privilege Review Team records relating to him. Specifically, he requested all communications between the Privilege Review Team and other components of DoD about (1) him and his cases, (2) his lawyers, and (3) the classification of, or review process for, letters and notes submitted for privilege review by his lawyers. In a letter dated May 27, 2008, DoD acknowledged receiving the request on May 14, 2008. (Postal records indicate that the request was received on May 12, 2008, at the address given for DoD FOlA requests on the DoD website.) No further response has been received to date.

  **Answer:**  Defendant admits the first three sentences of this paragraph. With respect to the fourth, parenthetical, sentence, defendant is without knowledge or information sufficient to form a belief as to the truth of the of the allegation it contains. Defendant admits the final sentence of this paragraph.

## CAUSE OF ACTION (FOIA)

9. Plaintiff repeats and realleges paragraphs 1 through 8. Defendant has failed to comply with the statutory time periods which govern FOlA requests. Therefore, DoD has wrongfully withheld documents from Mr. Slahi and Mr. Slahi has constructively exhausted all required administrative remedies.

  **Answer:** Defendant repeats and incorporates by reference its responses to the preceding paragraphs. Defendant denies the allegations contained in this paragraph.

10. Mr. Slahi has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial of said right by DoD.

**Answer:** This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be required, defendant denies the allegations.

## PRAYER FOR RELIEF

This remaining unnumbered paragraph, including subparts (1) through (4), contain plaintiff's demands for relief to which an answer is not required, but insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further denies any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint because no records have been improperly withheld.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The records that plaintiff seeks are exempt from disclosure under the Freedom of Information Act.

WHEREFORE, defendant prays for an order: (1) denying plaintiff's requests for relief; and (2) for such other and further relief as the Court deems just and proper.

Dated:  August 1, 2008

Respectfully submitted,

GREGORY G. KATSAS

Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. TYLER
Senior Trial Counsel
Federal Programs Branch

    /s/ *Jean Lin*
JEAN LIN
Trial Attorney
Federal Programs Branch
Department of Justice, Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.: (202) 514-3716
Fax: (202) 514-8470
E-mail: jean.lin@usdoj.gov

Counsel for Defendant